**UNITED STATES of America,**
**Appellee,**

v.

**Demetrius HILL, Defendant–Appellant.**

Nos. 03–1226(L), 03–1274(CON).

United States Court of Appeals,
Second Circuit.

May 5, 2004.

Demetrius Hill, New York, New York, for Appellant, pro se.

Richard P. Donoghue, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Peter A. Norling, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

Present: SACK, RAGGI, Circuit Judges, and TRAGER,[1] District Judge.

---

1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court's order of April 8, 2003, denying bail is AFFIRMED.

Defendant–Appellant Demetrius Hill, who is presently awaiting trial in the Eastern District of New York on charges of firearm possession by a convicted felon, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3551, and possession of a prohibited object by a prison inmate, *see id.* § 1791(a)(2), (b)(3), (c), appeals *pro se* from the district court's order denying his application for release on bail pursuant to 18 U.S.C. § 3142. We review the district court's decision for clear error and will reverse only if the record as a whole leaves us with the "definite and firm conviction that a mistake has been committed." *See United States v. Shakur*, 817 F.2d 189, 195–96 (2d Cir.1987) (internal quotation marks omitted); *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir.1986). That is not this case.

Because possession of a firearm by a convicted felon constitutes a "crime of violence," 18 U.S.C. § 3156(a)(4); *see United States v. Dillard*, 214 F.3d 88, 104 (2d Cir.2000), the district court properly conducted a hearing to determine whether any condition or combination of conditions would reasonably assure Hill's appearance in court and the safety of other persons in the community, *see* 18 U.S.C. § 3142(f). Although Hill now faults the district court for basing its ruling on the parties' proffers without conducting a full evidentiary hearing, we expressly approved the hearing procedure employed in this case in *United States v. El–Hage*, 213 F.3d 74, 82 (2d Cir.2000). In any event, the record indicates that the district court was willing to conduct a further hearing on controverted issues pertaining to bail, but that the defense never pursued the matter.

To the extent Hill challenges the district court's factual determination that neither his appearance nor the safety of the community were reasonably assured by his proposed bail package, he fails to demonstrate clear error. Factors relevant to these twin concerns are defined by statute to include: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the defendant's personal history and characteristics, including his character, past conduct, criminal history, and whether he was on supervisory release at the time of the charged offense; and (4) the nature and seriousness of the danger posed to any person or the community by defendant's release. *See* 18 U.S.C. § 3142(g).

As the record demonstrates, the only factor weighing for a time in Hill's favor was the second. The district court acknowledged that it "essentially eviscerated the government's gun case" when it suppressed the firearm in the § 922(g) count, then the only charge pending against defendant. Anticipating dismissal of the case, the court indicated a willingness to release Hill if his girlfriend, a Nassau County corrections officer, signed a $50,000 unsecured bond. Soon thereafter, the court was advised that Hill's girlfriend declined to act as suretor. Moreover, it became apparent that the case against Hill would not soon be dismissed when defendant was indicted on a second charge and the government moved for reconsideration of the suppression motion. Indeed, as the record stands before this court, the district court has reversed its original suppression ruling, so that the second factor, instead of weighing in Hill's favor now weighs heavily against him.

The other § 3142(g) factors also weigh against Hill's release. He essentially concedes the seriousness of his charged crimes. Indeed, the seriousness of these

crimes, both of which involved lethal weapons, takes on added significance in light of Hill's criminal history, which includes a 1995 conviction for armed robbery, in the course of which Hill shot a store owner. Thereafter, Hill was convicted on several occasions for weapons possession, and the danger presented by these possessions was highlighted by Hill's post-arrest statement in this case indicating a willingness to shoot the arresting officers and by his admissions to several armed robberies. Such a persistent pattern of potentially violent criminal activity, undeterred either by parole supervision or by incarceration, provides clear and convincing evidence of the serious danger presented by Hill's release, *see United States v. Millan,* 4 F.3d 1038, 1047–48 (2d Cir.1993) (holding danger defendant posed to community because of persistent criminal activity weighed against release), as well as a preponderance showing that he would be unlikely to respect court orders directing his appearance, *see United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir.2001).

The fact that Hill's mother and her husband were offered as alternate suretors hardly assuaged the identified concerns. Two weeks prior to Hill's arrest in the instant case, his mother had filed a police complaint reporting her son's repeated threats to kill her. The fact that she was nevertheless willing to stand as her son's suretor may have evidenced strong maternal devotion, but the record fails to evidence the sort of filial respect necessary to support an inference that Hill would appear for court and conform his conduct to the law rather than jeopardize his mother's home and assets.

Because the district court did not err, much less clearly err, in denying Hill's request for pre-trial release on bail, the district court's bail determination is hereby AFFIRMED.